IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DONLEN TRUST,
    Appellant,

        v.                                                                              Civil No. 3:20cv092 (DJN)

WAYNE SERVICES LEGACY, INC.,
    Appellee.

**MEMORANDUM OPINION**

On August 9, 2019, Appellee Wayne Services Legacy, Inc. ("Wayne Services"), the successor entity to the Toys-Delaware Debtors ("Toys-Delaware"),[1] initiated an adversary proceeding against Appellant Donlen Trust, seeking to recover funds allegedly owed to Wayne Services pursuant to an agreement under which Donlen Trust agreed to pay Toys-Delaware a portion of the proceeds derived from the sale of vehicles that Donlen Trust leased to Toys-Delaware. On November 7, 2019, Donlen Trust filed a motion to dismiss Wayne Services' adversary proceeding, asserting that the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") lacked personal jurisdiction over Donlen Trust, that Wayne Services failed to state a claim in Count One of its Complaint, and that the Bankruptcy Court lacked subject matter jurisdiction over Counts Two, Three and Four of the Complaint. On January 28, 2020, the Bankruptcy Court issued a Memorandum Opinion and Order denying Donlen Trust's Motion. This matter now comes before the Court on Donlen Trust's Motion for Leave to File Interlocutory Appeal (ECF No. 1), moving pursuant to Federal Rule of Bankruptcy

---

[1]     The Toys-Delaware Debtors include: Toys "R" Us-Delaware, Inc.; TRU Guam, LLC; Toys Acquisition, LLC; Giraffe Holdings, LLC; TRU of Puerto Rico, Inc.; and, TRU-SVC, Inc.

Procedure ("Bankruptcy Rule") 8004 and 28 U.S.C. § 158(a)(3) for leave to file an appeal of the Bankruptcy Court's January 28, 2020 Order.

For the reasons set forth below, the Court DENIES Donlen Trust's Motion (ECF No. 1).

## I. BACKGROUND

For the purposes of background only, the Court recites the following facts, borrowing from the Bankruptcy Court's recitation of the facts for ease of reference.

### A. The Adversary Proceeding

On January 20, 2019, the Fourth Amended Chapter 11 Plans of Toys-Delaware and the Geoffrey Debtors[2] (the "Plan") confirmed by the Bankruptcy Court became effective. *Wayne Servs. Legacy, Inc. v. Donlen Trust* (*In re Toys "R" Us, Inc.*), 2020 WL 443812, at *2 (Bankr. E.D. Va. Jan. 28, 2020). The Plan named Wayne Services as the wind-down entity for Toys-Delaware, charging Wayne Services with collecting and administering the assets of Toys-Delaware. *Id.*

Pursuant to its responsibilities as the wind-down entity, on August 9, 2019, Wayne Services filed a complaint against Donlen Trust, seeking to recover sums allegedly owed to Wayne Services — as the successor in interest to Toys-Delaware — under the Master Motor Vehicle Lease Agreement (the "Lease") executed by Toys-Delaware (lessee) and Donlen Trust (lessor) on August 4, 2009. *Id.* Specifically, Wayne Services alleged that: (1) pursuant to the Lease, upon surrender of the leased vehicles by Toys-Delaware at the expiration of the lease term, Donlen Trust agreed to credit a portion of the proceeds from the sale of those vehicles to Toys-Delaware; and, (2) despite this arrangement, Donlen Trust refused to provide an accounting

---

[2] The Geoffrey Debtors include: Geoffrey Holdings, LLC; Geoffrey LLC; and, Geoffrey International, LLC.

of the proceeds owed to Toys-Delaware (and Wayne Services by succession) upon surrender of the final leased vehicle in February 2019, which Wayne Services believes totals at least $200,000.  *Id.*

Based on these allegations, Wayne Services brought four counts for relief against Donlen Trust.  In Count One, Wayne Services sought turnover of the proceeds allegedly owed by Donlen Trust pursuant to the Plan, the Bankruptcy Court's Order confirming the Plan (the "Confirmation Order") and 11 U.S.C. §§ 541 and 542 (the "turnover claim").  *Id.* at *3.  In Count Two, Wayne Services asserted a breach-of-contract claim under the Lease pursuant to 11 U.S.C. § 105 and Illinois law.  *Id.*  And Counts Three and Four brought claims under state law for unjust enrichment and conversion, respectively.  *Id.*  Based on these counts, Wayne Services sought damages, costs, expenses and attorneys' fees.  *Id.*

B.  **The Bankruptcy Court's Denial of Donlen Trust's Motion to Dismiss**

On November 7, 2019, Donlen Trust filed its Motion to Dismiss, moving to dismiss Wayne Services' Complaint for lack of personal jurisdiction, failure to state a claim in Count One, Wayne Services' lack of standing and the Bankruptcy Court's lack of subject matter jurisdiction over Counts Two, Three and Four.  *Wayne Servs. Legacy*, 2020 WL 443812, at *2.  On January 28, 2020, the Bankruptcy Court issued its Opinion and Order denying Donlen Trust's Motion.  *Id.* at *10.

In denying Donlen Trust's Motion, the Bankruptcy Court first considered Donlen Trust's argument that the Court could not exercise personal jurisdiction over it.  *Id.* at *3-4.  The Court found that by filing a claim against Toys-Delaware (the "Donlen Claim"), Donlen Trust "consented to personal jurisdiction in this Court."  *Id.* at *4 (citing *Siegel v. Cal. Self-Insurers' Sec. Fund* (*In re Circuit City Stores, Inc.*), 2016 WL 1714515, at *7 (Bankr. E.D. Va. Apr. 26,

3

2016); *In re LandAmerica Fin. Grp., Inc.*, 2013 WL 1819984, at *7 n.4 (Bankr. E.D. Va. Apr. 30, 2013)). The Bankruptcy Court reasoned that when a creditor like Donlen Trust files a proof of claim, the creditor "'avail[s] itself of the laws and protections of [the Bankruptcy Court] in order to receive payment from the . . . bankruptcy estate through the bankruptcy proceeding.'" *Id.* (quoting *Siegel*, 2016 WL 1714515, at *7). The Bankruptcy Court opined that the creditor could not "'have it both ways — asserting it can receive payment through [the Bankruptcy Court] while conversely claiming that any payment or claim asserted by the Trustee must be resolved by the state administrative process.'" *Id.* (quoting *Siegel*, 2016 WL 1714515, at *7). And the Court added that the fact that the Donlen Claim and Wayne Services' Complaint "arose from the same course of dealing between the parties" further supported the exercise of personal jurisdiction over Donlen Trust. *Id.*

The Bankruptcy Court also rejected Donlen Trust's argument that because the time to object to the Donlen Claim had passed without an objection, "the claim [was] deemed allowed and [was] no longer at issue," terminating Donlen Trust's limited availment of the Bankruptcy Court's laws and protections. *Id.* at *4-5. The Court opined that "[t]he status of the Donlen Claim is unclear from the record," noting that Donlen Trust had itself claimed setoff rights from Wayne Services' desired relief based on the Donlen Claim, which suggested that "the Donlen Claim will be considered in connection with this adversary proceeding." *Id.* at *5. The Bankruptcy Court likewise found that the pleadings implicated "significant questions involving bankruptcy law . . ., including lease rejection issues under § 365 of the Bankruptcy Code, whether the Lease is subject to § 365, potential setoff rights, and the consequences of Wayne Services' action, or inaction, with respect to the Donlen Claim and the Lease." *Id.* Considering the "commonality of issues" between the Donlen Claim and Wayne Services' Complaint, the

Bankruptcy Court held that the conference of personal jurisdiction over Donlen Trust from its filing of the Donlen Claim "remain[ed] with th[e Bankruptcy] Court." *Id.*

As for Donlen Trust's second argument for dismissal — that Wayne Services failed to state a claim in Count One of its Complaint — the Bankruptcy Court again rejected Donlen Trust's arguments.[3] *Id.* at *5-6. Specifically, the Bankruptcy Court found that Wayne Services had alleged sufficient facts to claim a legal and equitable interest in the Lease proceeds by alleging that the proceeds constituted property of the bankruptcy estate pursuant to 11 U.S.C. § 541 and that Wayne Services' claim to those proceeds had "matured" under § 542(b). *Id.* at *6.

The Bankruptcy Court likewise rejected Donlen Trust's argument that Wayne Services' claims amounted to a mere "contract dispute in which there is a significant dispute over what, if anything, is owed," removing Wayne Services' claims from the purview of the Bankruptcy Code's turnover statutes. *Id.* at *7. The Bankruptcy Court held that at the motion-to-dismiss stage, the Court would accept Wayne Services' allegations that the Lease proceeds qualified as property of the estate and a matured debt, allowing Count One to proceed. *Id.*

The Bankruptcy Court then addressed Donlen Trust's arguments that the Court lacked jurisdiction over Wayne Services' claims, because Wayne Services lacked standing under the Plan and the Confirmation Order to bring a turnover claim pursuant to § 542. *Id.* Donlen Trust argued that because the Plan failed to specifically reference turnover or § 542 claims when defining the actions that the successor entity, i.e., Wayne Services, could bring, Wayne Services did not have standing to bring the instant turnover claim. *Id.* at *7-8. The Court found this

---

[3] For the same reasons it used to reject Donlen Trust's 12(b)(6) arguments against Count One, later in the same opinion, the Bankruptcy Court denied Donlen Trust's alternative Motion for Judgment on the Pleadings as to Count One. *Wayne Servs.*, 2020 WL 443812, at *9.

argument inapposite, because the Plan clearly reserved to Wayne Services the right to bring causes of action under Chapter 5 of the Bankruptcy Code, which included § 542 turnover claims. *Id.* at *8.

Finally, the Bankruptcy Court addressed Donlen Trust's argument that the Court lacked subject matter jurisdiction over Counts Two, Three and Four of Wayne Services' Complaint, because those counts constituted garden variety state-law claims that fell outside the Court's core jurisdiction. *Id.* at *9. Because the Bankruptcy Court determined that Wayne Services stated a plausible claim in Count One and Count One constituted a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E), and because Counts Two, Three and Four arose out of the same transaction as Count One, the Court held that a "commonality of issues" rendered Counts Two, Three and Four core as well. *Id.* Accordingly, the Bankruptcy Court denied Donlen Trust's Motion to Dismiss on all counts. *Id.* at *10.

### C.     Donlen Trust's Motion for Leave to File Interlocutory Appeal

Following the Bankruptcy Court's January 28, 2020 Opinion and Order denying its Motion to Dismiss, on February 12, 2020, Donlen Trust filed its instant Motion for Leave to File Interlocutory Appeal (ECF No. 1), moving pursuant to Bankruptcy Rule 8004 and 28 U.S.C. § 158(a)(3) for leave to file an interlocutory appeal of the Bankruptcy Court's Order. In support of its Motion, Donlen Trust argues that appeal of the Bankruptcy Court's Order satisfies the requirements for interlocutory appeal under § 158, and, more specifically, 28 U.S.C. § 1292(b), which outlines three factors that district courts follow in determining whether to take an interlocutory appeal from a bankruptcy court. (Mot. of Donlen Trust for Leave to File Interlocutory Appeal ("Donlen Mot.") (ECF No. 1) at 12.)

First, Donlen Trust contends that the questions it seeks to appeal — namely, (1) whether Wayne Services stated a plausible turnover claim against Donlen Trust for the Lease proceeds; (2) whether the Bankruptcy Court may exercise subject matter jurisdiction over Wayne Services' claims; and, (3) whether the Bankruptcy Court may exercise personal jurisdiction over Donlen Trust — constitute controlling questions of law, satisfying the first factor under § 1292(b). (Donlen Mot. at 13-20.) Donlen Trust asserts that whether the Bankruptcy Court has subject matter jurisdiction over Wayne Services' Complaint would completely dispose of Wayne Services' Complaint if the Court reversed the Bankruptcy Court's conclusion on that question. (Donlen Mot. at 13-14.) Donlen Trust also cites to cases holding that disputes over subject matter jurisdiction qualify as controlling questions of law. (Donlen Mot. at 14 (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990); *Beazer E., Inc. v. The Mead Corp.*, 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006); *Segni v. Comm. Off.*, 650 F. Supp. 1045, 1047 (N.D. Ill. 1987)).)

Likewise, Donlen Trust argues that whether Wayne Services stated a claim under § 542 constitutes a controlling question of law, because "'motions to dismiss based on the failure to state a claim present the quintessential controlling questions of law for the purpose of § 1292(b).'" (Donlen Trust at 14 (alterations and emphasis removed) (quoting *SEC v. Rocklage*, 2005 WL 8175998, at *2 (D. Mass. Dec. 14, 2005)).) And Donlen Trust contends that whether the Bankruptcy Court may exercise personal jurisdiction over it likewise proves controlling, because personal jurisdiction goes to the heart of the Bankruptcy Court's authority to adjudicate Wayne Services' claims against it. (Donlen Mot. at 15.) Donlen Trust then proceeds to challenge the Bankruptcy Court's reasoning on these points. (Donlen Mot. at 16-20.)

7

As for the second factor under § 1292(b) — whether a substantial ground for difference of opinion exists as to the questions presented — Donlen Trust maintains that a substantial ground exists on the face of the Bankruptcy Court's opinion, which it argues contravenes Fourth Circuit caselaw. (Donlen Mot. at 21.) Specifically, Donlen Trust contends that Fourth Circuit caselaw explicitly contradicts the Bankruptcy Court's finding that Wayne Services could survive a motion to dismiss by simply pleading that a debt owed to the bankruptcy estate had matured, citing to the Fourth Circuit's opinion in *Agnew v. United Leasing Corporation* that § 542 "'is not meant as a substitute method for resolving contractual disputes.'" (Donlen Mot. at 21-22 (quoting 680 F. App'x 149, 154 (4th Cir. 2017)).)

Donlen Trust further contends that the Bankruptcy Court ignored the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), when it held that it could exercise core jurisdiction over Wayne Services' state-law claims, because Donlen Trust had filed a proof of claim against the bankruptcy estate, noting that the Bankruptcy Court relied instead on "a case that predates *Stern* . . . by seven (7) years." (Donlen Mot. at 22 (citing *Buena Vista Television v. Adelphia Commc'ns Corp.* (*In re Aldephia Commc'ns Corp.*), 307 B.R. 404 (Bankr. S.D.N.Y. 2004), *relied on by Wayne Servs.*, 2020 WL 443812, at *4).) Donlen Trust argues that the fact of its proof of claim against the bankruptcy estate should not be allowed to "manufacture subject matter jurisdiction over" an adversary proceeding when, as here, the claim in question has been allowed without objection. (Donlen Mot. at 23.) And Donlen Trust likewise cites to *Stern* for the proposition that merely filing a proof of claim in a bankruptcy proceeding does not — as the Bankruptcy Court suggested — open the door for the bankruptcy court to exercise personal jurisdiction over the creditor for all manner of claims against it. (Donlen Mot. at 23 (citing 564 U.S. at 595).)

8

Finally, Donlen Trust maintains that the questions presented for appeal satisfy the final factor under § 1292(b) — that interlocutory appeal would materially advance the ultimate termination of the adversary proceeding — because resolution of the questions on appeal now would hasten the termination of the adversary proceeding before the Bankruptcy Court, or, upon reversal, halt it altogether. (Donlen Mot. at 24.) Because these questions satisfy all three requirements under § 1292(b), Donlen Trust argues that the Court should grant leave to file an interlocutory appeal of those questions. (Donlen Mot. at 25.)

On February 26, 2020, Wayne Services filed its Brief in Opposition to Donlen Trust's Motion, (Wayne Servs. Legacy, Inc.'s Br. in Opp. to the Motion of Donlen Tr. for Leave to File Interlocutory Appeal ("Wayne Resp.") (ECF No. 5)), and Donlen Trust elected not to file a reply brief within the time allowed, rendering Donlen Trust's Motion now ripe for review.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a)(3), "district courts of the United States . . . have jurisdiction to hear appeals . . . with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." Federal Rule of Bankruptcy Procedure 8004 provides that a party may "appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3) . . . [by] fil[ing] with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a)." Fed. R. Bankr. P. 8004(a). Such notice must "be accompanied by a motion for leave to appeal." Fed. R. Bankr. P. 8004(a)(2). "When deciding whether to grant leave to appeal an interlocutory order or decree of a bankruptcy court, the district court may employ an analysis similar to that applied when certifying interlocutory review by the circuit court of appeals under

28 U.S.C. § 1292(b)." *KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd.*, 250 B.R. 74, 78 (E.D. Va. 2000) (citing *Atl. Textile Grp., Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996)).

To that end, § 1292(b) provides that a district judge may certify for interlocutory appeal any "order not otherwise appealable under this section" when the judge is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is a substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." "[B]ecause § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed." *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (citing *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)); *see Commonwealth ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, 2015 WL 3540473, at *3 (E.D. Va. June 3, 2015) (noting the "gravity of the relief sought" in a request for interlocutory certification (internal quotations and citations omitted)).

The party seeking an interlocutory appeal must first demonstrate that the issue for which the party seeks certification constitutes a "controlling question of law." § 1292(b). "This element may be divided into two requirements: the question must be 'controlling' and must be one 'of law.'" *Integra*, 2015 WL 3540473, at *4. To be "controlling," the Court "must actually have decided [the] question" and resolution of the question must "be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Id.* (internal quotations and citations omitted). Even if a question proves practically or legally controlling, the Court should certify the question for immediate appeal only if the question presents "'an abstract legal issue that the court of appeals [or, in this case, district court] can decide quickly and cleanly.'" *United States ex rel. Michaels v. Agape Senior Cmty.*, 848 F.3d 330, 340 (4th Cir.

2017) (quoting *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) (internal quotations omitted)). Courts should not certify interlocutory appeals when "the question presented turns on whether there is a genuine issue of fact or whether the [bankruptcy] court properly applied settled law to the facts or evidence of a particular case." *Id.* at 341 (internal quotations and citations omitted).

The party moving for interlocutory certification must also demonstrate that a "substantial ground for difference of opinion" exists as to the controlling question of law. § 1292(b). This "'substantial ground' . . . must arise 'out of a genuine doubt as to whether the [bankruptcy] court applied the correct legal standard.'" *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 527 (E.D.N.C. 2010) (quoting *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007)). "[T]he mere presence of a disputed issue that is a question of first impression [in the Fourth Circuit], standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Flor v. BOT Fin. Corp* (*In re Flor*), 79 F.3d 281, 284 (2d Cir. 1996) (per curiam). "Rather, it is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Id.* (emphasis supplied) (quotations and alterations omitted). An absence of unanimity on the question presented does not itself provide a substantial ground for difference of opinion. *Wyeth*, 703 F. Supp. 2d at 527.

Finally, the moving party must establish that certification "may materially advance the ultimate termination of the litigation." § 1292(b). Mere speculation regarding the potential pre-trial and trial expenses and effort to be saved by an interlocutory appeal does not satisfy this requirement. *Integra*, 2015 WL 3540473, at *5. Instead, the Court must examine whether "appellate review might avoid protracted and expensive litigation." *State ex rel. Howes v. Peele*,

11

889 F. Supp. 849, 852 (E.D.N.C. 1995). The Court should not permit "piecemeal review of decisions that are but steps toward final judgments of the merits . . ., because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993).

Ultimately, district courts should adhere to the general principle that § 1292(b) constitutes "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Indeed, "[e]ven if the requirements of [S]ection 1292(b) are satisfied, the district court has 'unfettered discretion' to decline to [grant leave for] an interlocutory appeal if exceptional circumstances are absent." *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (citations omitted); *see also Estate of Nelco*, 250 B.R. at 78 ("In seeking leave to appeal an interlocutory order or decision, the appellant must demonstrate 'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after entry of a final judgment.'" (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978))).

### III. ANALYSIS

Because Donlen Trust's right to take an interlocutory appeal depends on satisfaction of all three factors under § 1292(b), the Court will analyze each factor in turn.

#### A. Donlen Trust Fails to Present a Controlling Question of Law Appropriate for Interlocutory Appeal.

As mentioned, Donlen Trust argues that the questions it seeks to appeal — namely, (1) whether Wayne Services stated a plausible turnover claim against Donlen Trust for the Lease proceeds; (2) whether the Bankruptcy Court may exercise subject matter jurisdiction over Wayne Services' claims; and, (3) whether the Bankruptcy Court may exercise personal jurisdiction over Donlen Trust — constitute controlling questions of law within the meaning of § 1292(b),

12

because each question requires little consideration of the facts and proves completely dispositive of the adversary proceeding. (Donlen Mot. at 13-20.)

Wayne Services responds that each question presented for appeal does not constitute a controlling question of law, because: (1) whether Wayne Services stated a plausible turnover claim in Count One requires the Court to consider only whether the Bankruptcy Court correctly applied the law to the allegations in Wayne Services' Complaint, which proves inappropriate for interlocutory appeal; (2) whether the Bankruptcy Court has subject matter jurisdiction over Wayne Services' state-law claims in Counts Two, Three and Four requires the Court to engage in an assessment of the plausibility of Count One, which proves inappropriate for interlocutory appeal; and, (3) whether the Bankruptcy Court may exercise personal jurisdiction over Donlen Trust, like the other two questions, presents a mixed question of law and fact, and reversal of the Bankruptcy Court on the personal jurisdiction issue would not dispose of the adversary proceeding, because the nationwide service of process provision under Bankruptcy Rule 7004(f) provides a separate ground for the exercise of jurisdiction over Donlen Trust. (Wayne Resp. at 4-7.) The Court will consider each question presented in turn.

As to whether Wayne Services stated a plausible claim in Count One, the Court agrees with Wayne Services that such a question does not constitute a controlling question of law. As mentioned, "whether the [bankruptcy] court properly applied settled law to the facts or evidence of a particular case" does not present a controlling question of law subject to interlocutory appeal. *Agape Senior Cmty.*, 848 F.3d at 341 (internal quotations and citations omitted). Donlen Trust fails to point to a question concerning the law that the Bankruptcy Court applied to Wayne Services' allegations and instead challenges the Bankruptcy Court's *application* of settled law to those allegations. (Donlen Mot. at 14.) Such a question proves best suited for appeal after a

13

final judgment, when the Bankruptcy Court has made a final determination not only of the plausibility of Wayne Services' turnover claim under settled law, but its viability as well.[4]

Donlen Trust likewise fails to present a controlling question of law as to the Bankruptcy Court's subject matter jurisdiction over Wayne Services' claims. Donlen Trust does not ask the Court to clarify confusion in the law or otherwise decide a novel issue surrounding core proceedings jurisprudence; instead, Donlen Trust believes that the Bankruptcy Court got it wrong. (Donlen Mot. at 15-17.) But "[c]ounsel's disagreement with the Court is simply not reason enough to grant an interlocutory appeal." *McDaniel v. Mehfoud*, 708 F. Supp. 754, 756 (E.D. Va. 1989). Moreover, Donlen Trust concedes that the Bankruptcy Court's jurisdiction over Counts Two, Three and Four necessarily relies on Count One, the plausibility of which, as explained above, proves inappropriate for interlocutory review. (*See* Donlen Mot. at 16 (arguing that "if Donlen Trust is successful in its appeal relative to Count One, this 'core' designation as to Counts Two, Three and Four would evaporate along with the subject matter jurisdiction incident to it.").)

Neither does Donlen Trust present a controlling question of law as to the Bankruptcy Court's resolution of its personal jurisdiction challenge. The Court disagrees with Donlen Trust that "[b]ecause the District Court's reversal of the MTD Order for lack of personal jurisdiction would terminate the Adversary Proceeding, the issue of personal jurisdiction is unquestionably a

---

[4] This point distinguishes this case from *SEC v. Rocklage*, 2005 WL 8175998 (D. Mass. Dec. 14, 2005), to which Donlen Trust cites in support of its contention that motions to dismiss for failure to state a claim present a "quintessential" controlling question of law. (Donlen Mot. at 14.) Unlike *Rocklage*, in which the district court made a conclusive determination of one of the defendant's defenses to liability under unsettled law, the Bankruptcy Court here merely found that Wayne Services stated a plausible claim. *See Rocklage*, 2005 WL 8175998, at *2-3 (reaffirming that the defendant could be held liable for insider trading under a misappropriation theory despite her defense that she disclosed the insider information to her husband, though certifying this conclusive determination for interlocutory appeal).

14

'controlling question of law.'" (Donlen Mot. at 15.) The controlling-question factor requires satisfaction of two requirements: (1) that the question presented be one of law; and, (2) that the question of law be controlling. *Integra*, 2015 WL 3540473, at *4. Donlen Trust's contention addresses only the latter requirement without addressing the former. And, as to the former, Donlen Trust again challenges only the Bankruptcy Court's application of settled law to the facts of this case, namely: whether Wayne Services' claims "arise out of" the Donlen Claim based on the fact that the Donlen Claim has been conclusively allowed and that the sums due under the Claim are owed to Donlen Corporation, a non-party. (Donlen Mot. at 20.) Such a challenge proves better suited for appeal after a final judgment by the Bankruptcy Court.

### B. The Court Need Not Address the Remaining Factors Under § 1292(b), Though Donlen Trust's Arguments Fail on those Factors as Well.

Because Donlen Trust fails to present a controlling question of law suitable for interlocutory appeal, the Court need not address the remaining factors under § 1292(b). *See In re Rood*, 426 B.R. 538, 549 (D. Md. 2010) ("Because the first element of the analysis [under § 1292(b)] is not present, the remaining two are essentially moot."). That said, the Court finds that none of the questions presented appear appropriate for interlocutory appeal under those factors. Indeed, Donlen Trust fails to point to a disagreement among courts on the questions presented sufficient to warrant interlocutory appeal, such as when a bankruptcy court "faces a question on which courts of appeal are split and on which there is no binding authority in the controlling circuit" or "when the question presented is difficult, novel, and of first impression." *Atl. Textile Grp.*, 191 B.R. at 653-54. And, as Wayne Services points out, Donlen Trust's arguments for how interlocutory appeal will materially advance the ultimate termination of the adversary proceeding relies on the assumption that Donlen Trust will succeed on appeal, ignoring the requirement that an interlocutory appeal advance litigation "regardless of its

outcome." (Wayne Resp. at 11 (citing *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, at *5 (4th Cir. 1989) (Table)).)

Neither has Donlen Trust persuaded the Court that, even if the § 1292(b) factors were satisfied, exceptional circumstances exist to grant leave to appeal the Bankruptcy Court's decision. Donlen Trust fails to point to any novel question or nuanced issue of pure law that would serve to materially alter the litigation below or aid the Bankruptcy Court in resolving the disputes before it. That Donlen Trust believes the Bankruptcy Court erred does not, alone, justify the extreme remedy of interlocutory appeal. Accordingly, the Court denies Donlen Trust's Motion as to all questions presented.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Donlen Trust's Motion for Leave to File Interlocutory Appeal (ECF No. 1). An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: April 1, 2020